# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 CV 6138 | **DATE** | March 17, 2011 |
| **CASE TITLE** | | *David Furry v. United States of America* | |

**DOCKET ENTRY TEXT**

Defendant United States of America's motion for summary judgment [83-1] is denied. The parties shall report for a status hearing on March 31, 2011, at 11:00 a.m., and shall be prepared to set a date for trial.

■ [ For further details see text below.]

Docketing to mail notices.

00:00

## STATEMENT

As plaintiff David Furry drove down Grove Street in Chicago, he felt an impact to the rear passenger side of his 1987 Ford LTD station wagon. The force of the impact threw him into the driver's side window, while his two passengers, plaintiffs Diane and Tina Nye, were also injured. Furry and the Nyes contend that the collision occurred when postal employee Ronald Williams pulled his postal vehicle out of its parking space just as Furry was driving by. The plaintiffs have sued the United States for negligence under the Federal Tort Claims Act. *See* 28 U.S.C. §§ 1346(b), 2671-2680. The United States has filed a motion for summary judgment. For the reasons stated, the motion for summary judgment is granted.

## BACKGROUND

The following facts are agreed except where noted. Ronald Williams began working as a U.S. postal carrier in March 2007. On May 15, 2007, he was assigned to deliver mail in the area designated by the postal service as Route 8 in Berwyn. Williams began delivering mail on Route 8 just before 1:00 p.m., but nearly a quarter-inch of rain fell during his first two hours on that route and by 3:00 p.m., he had become uncomfortably wet. He decided to leave his route and stop by a friend's house, who lived on the 1900 block of Grove Avenue in Berwyn. The 1900 block of Grove Avenue is not within the Route 8 delivery area, and somewhere between 3 to 7 blocks outside of Route 8.

Williams parked his postal vehicle on the right hand side of Grove Avenue. Williams contends that he parked at a slight angle, with the front driver's side of his vehicle extending out into the street a little. The plaintiffs contend that they did not see Williams' vehicle before the collision, but state that they did not see any postal vehicle parked with its front end sticking out. At about 3:30 p.m., Furry's car drove down the 1900 block of Grove Avenue at about 15 miles per hour while rain continued to fall. As Furry's car passed Williams' vehicle, the cars collided. Furry's car was damaged on the rear passenger's side of the car. The impact threw Furry's shoulder into the window of the driver's side door. He has undergone multiple surgeries on his shoulder and anticipates additional surgery. Diane Nye's injuries have also required surgery.

The parties do not agree on the cause of the collision. The plaintiffs contend that the vehicles collided when Williams started to pull out of the parking space just as Furry's car drove by, though they admit that they did not see Furry or even the postal vehicle. Williams denies that he drove into Furry's car and, in fact, contends that at the time of the impact, he had only just put his key in the ignition and started the vehicle's engine.

After the collision, Furry pulled his car to the side of the road and got out of his car. Williams pulled his postal vehicle up behind Furry's car, and got out of the vehicle. According to the plaintiffs, Furry asked Williams to call the police but, when Furry began to approach Williams, Williams urged them not to call police because he would lose his job. Williams then returned to the postal vehicle and drove off in order to lose Furry. Williams returned to his postal route and continued delivering the mail.

Following the accident, Furry drove the car to Lyons to drop off Tina Nye and then returned to the home he shared with Diane Nye on the 1600 block of Grove Avenue. After returning home, Furry first called police, who came to his home, along with a postal inspector, to investigate the accident. While at Furry's home, the postal inspector took pictures of damage to the rear passenger side of Furry's car. The police officer later went to the scene of the collision, but found no evidence of an accident. Eventually, the officer issued four tickets to Williams for his alleged role in the accident, including citations for leaving the scene of an accident and improper lane usage. The plaintiffs contend that Williams pleaded guilty to the citations for leaving the scene of an accident and improper lane usage, but in support of their contention the plaintiffs cite the tickets themselves, which do not include any obvious disposition of the citations.

The plaintiffs have filed a three-count complaint under the Federal Tort Claims Act. Each count is brought by an individual plaintiff, alleging that the negligence of the United States (acting through Williams) was responsible for the collision and their injuries. Specifically, they allege that by pulling out of his parking spot and hitting Furry's car, Williams breached his duty to (1) exercise reasonable care while operating his vehicle, (2) keep an adequate lookout while operating his vehicle, (3) operate his vehicle at a reasonable speed, (4) sound his horn when reasonably necessary to ensure the safety of others, (5) yield the right-of-way to other vehicles, and/or (5) reduce his speed to avoid a collision. They seek damages in the amount of $20 million. The United States has moved for summary judgment on all three counts. It argues that it is entitled to judgment because (1) the plaintiffs have identified no evidence of Williams' negligence, and (2) Williams was acting outside the scope of his employment at the time of the collision and, therefore, the United States is not a proper defendant.

## ANALYSIS

### I. Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Valenti v. Qualex, Inc.*, 970 F.2d 363, 365 (7th Cir. 1992), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Moreover, a court should grant a motion for summary judgment only when the record shows that a reasonable jury could not find for the nonmoving party. *See Valenti*, 970 F.2d at 365; *see also Anderson*, 477 U.S. at 248.

Thus, in order to withstand a motion for summary judgment, the nonmoving party must show that a dispute

about a genuine issue of material fact exists. *See Anderson*, 477 U.S. at 248. The nonmoving party may not merely rest upon the allegations or details in his pleading, but instead, must set forth specific facts showing there is a genuine issue for trial. *See Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

## II.      Federal Tort Claims Act

The Federal Tort Claims Act waives the sovereign immunity of the United States for claims of negligence arising from the conduct of federal employees acting within the scope of their employment. *See Williams v. Fleming*, 597 F.3d 820, 822 (7th Cir. 2010). Courts apply "the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). To establish negligence under Illinois law, a plaintiff must prove each of the following: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty,(3) the plaintiff was injured, and (4) the plaintiff's injuries were proximately caused by the defendant's breach. *See Vancura v. Katris*, 939 N.E.2d 328, 343 (Ill. 2010).

### A.      Evidence of Negligence

First, the United States argues that it is entitled to summary judgment because the plaintiffs have identified no evidence that Williams pulled his vehicle out of his parking spot and hit Furry's vehicle and, therefore, have no evidence that Williams was negligent. To survive a motion for summary judgment, once the movant has identified facts entitling it to judgment, the burden shifts to the plaintiff to identify evidence in the record that establishes a triable fact issue. *See Trentadue v. Redmon*, 619 F.3d 648, 652 (7th Cir. 2010). To satisfy that burden, the plaintiff must do more than raise "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the plaintiff's evidence must raise a "genuine issue for trial," Fed. R. Civ. P. 56(e)(2), and where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," there is no *genuine* issue for trial, *Matsushita*, 475 U.S. at 587.

The United States met its initial burden of proof with testimony from Williams that at the time of impact, he had only just started his vehicle and had not yet moved his vehicle out into traffic. The burden then shifts to the plaintiffs to identify evidence that creates a genuine issue for trial, specifically, whether Williams pulled his vehicle out into the road. To meet this burden, the plaintiffs rely on their belief that the damage to Furry's car was caused by Williams: "there was no doubt in [Furry's] mind that the Postal truck struck him in the right rear quarter-panel and bumper as it pulled from a parked position." Response [86-1] at 17-18. The government is correct that a plaintiff's subjective beliefs are normally insufficient to defeat a motion for summary judgment. *See Montgomery v. American Airlines*, 626 F.3d 382, 395-96 (7th Cir. 2010) (stated beliefs are insufficient to prevent summary judgment if the beliefs lack a foundation of personal knowledge). However, the plaintiffs' beliefs are founded on their personal experiences in the car at the moment of impact, as well as their observations immediately afterward. Accordingly, they have established a foundation for their belief that Williams negligently pulled his vehicle out into the roadway and into Furry's car.

Williams' flight from the scene of the accident is additional evidence of negligence that allow the plaintiffs to survive the motion for summary judgment. In *Peterson v. Henning*, 452 N.E.2d 135, 138 (Ill. App. Ct. 1983), the trial court denied a motion *in limine* to exclude evidence that a motorist had fled the scene of an accident after hitting a pedestrian. The appellate court affirmed, holding that evidence of a defendant's flight could be "interpreted as an admission of his negligence" because a guilt-free motorist would have "stop[ped] to ascertain the nature of the accident or the extent of the victim's injuries." *Id.* at 138. Accordingly, evidence of Williams' flight also supports the plaintiffs' allegations of negligence.

In summary, the United States is not entitled to summary judgment based upon a lack of evidence of Williams' negligence.

### B.      Scope of Employment

Alternatively, the government contends that it is entitled to summary judgment because at the time of the accident, Williams was acting outside the scope of his employment and, therefore, the United States is not liable for any of his negligent conduct. Specifically, the government contends that because postal regulations prohibit its letter carriers from deviating from their designated route without prior authorization, Williams acted outside the scope of his employment when he traveled several blocks outside his designated route without authorization.

Under Illinois law, courts look to the Restatement (Second) of Agency to determine whether an employee acted outside the scope of his employment. *See Rodman v. CSX Intermodal, Inc.*, 938 N.E.2d 1136, 1139-40 (Ill. App. Ct. 2010). Under Restatement § 228,

(1)      conduct of a servant is within the scope of employment if, but only if:

(a)      it is of the kind he is employed to perform;

(b)      it occurs substantially within the authorized time and space limits;

(c)      it is actuated, at least in part, by a purpose to serve the master, and

(d)      if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.

(2)      Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.

Restatement (Second) of Agency § 228. However, the fact that an employee violated a work rule does not necessarily mean that his conduct was outside the scope of his employment. *See Gaffney v. City of Chicago*, 706 N.E.2d 914, 923 (Ill. App. Ct. 1999). When an employee's deviation from the course of employment is either slight or exceedingly marked, the court can determine as a matter of law whether or not he was acting within the scope of his employment. *See Pyne v. Witmer*, 543 N.E.2d 1304, 1309 (Ill. 1989). In cases falling between those extremes, the question of scope of employment is for the jury. *Id.*

The government contends that Williams was acting outside the scope of his employment because he violated postal regulations by leaving his designated route without authorization. However, his detour took him just a few blocks from his designated route, and the time he spent outside the route was just a few minutes. Additionally, it is undisputed that Williams had been delivering mail in the rain and the purpose of Williams' trip was to towel off. Given these facts and the present state of the record, the court cannot conclude at this juncture that Williams' deviation was not so exceedingly marked that it fell outside the scope of his employment as a matter of law.

## STATEMENT

Accordingly, the United States is not entitled to summary judgment on the basis of scope of employment.

## CONCLUSION

For the reasons stated, the United States' motion for summary judgment [83-1] is denied.  The parties shall report for a status hearing on March 31, 2011, at 11:00 a.m., and shall be prepared to set a date for trial.

rs/cpb