Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 CV 6138 | **DATE** | May 10, 2011 |
| **CASE TITLE** | *Furry v. United States* | | |

**DOCKET ENTRY TEXT**

The government's motions *in limine* are decided as follows: [97-1] is granted, [98-1] is denied, and [99-1] is denied without prejudice to renewal at trial. Government motion *in limine* [100-1] is denied without prejudice given that the motion seeks relief identical to that sought in a motion being briefed before the magistrate judge.

■ [ For further details see text below.]   Docketing to mail notices.

00:00

# STATEMENT

This case arises from a collision between a vehicle in which the plaintiffs were traveling and a postal vehicle. On March 31, 2011, the court ordered all motions *in limine* to be filed by April 20, 2011, with responses due May 4, 2011, and replies due May 11, 2011. The government filed four motions *in limine*, while the plaintiffs filed none. In addition, the plaintiffs did not file responses to the government's motions. Accordingly, the court shall rule on the government's motions without the benefit of the plaintiffs' views.

**Motion to Exclude Expert Opinion of Police Officer [97-1]**

The government seeks to exclude any expert opinion testimony by Berwyn police officer James Tadrowski. The government anticipates that the plaintiffs plan to elicit opinion testimony from officer Tadrowski even though the officer did not respond to the scene of the accident and his knowledge is based solely on interviews conducted afterwards at the plaintiffs' residence.

According to the government, the plaintiffs never disclosed officer Tadrowski as an expert. By failing to challenge the government's representation, the plaintiffs have forfeited any argument that Tadrowski is a properly disclosed expert and, therefore, the motion to exclude expert opinion testimony is granted. *See Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757 (7th Cir. 2004) ("Formal disclosure of experts is not pointless."). Moreover, the plaintiffs have not identified any basis for concluding that Tadrowski possesses expertise in accident reconstruction and, therefore, the motion to exclude is granted for this additional reason.

**Motion to Exclude Evidence Relating to Traffic Tickets [98-1]**

Next, the government seeks to exclude evidence that the postal worker whose vehicle was involved in the collision was arrested for and pleaded guilty to traffic violations arising out of the collision. The government contends that evidence of the arrest and guilty plea would be hearsay without an exception. However, the

government anticipates that the postal worker will testify at trial and, therefore, the plaintiffs may question the postal worker about the arrest and guilty plea, which would not require reliance on any out-of-court statement. If the postal worker denies the arrest and/or guilty plea, extrinsic evidence would then be admissible not for the truth of the matter asserted but, rather, for impeachment. *See* Fed. R. Evid. 613(b). Accordingly, the motion to exclude is denied.

**Motion to Exclude Criminal Conviction for Misdemeanor Theft [99-1]**

The government also seeks an order prohibiting the plaintiffs from attacking the postal worker's character for truthfulness with evidence of an unrelated misdemeanor conviction for theft. Under Federal Rule of Evidence 609, evidence of a misdemeanor can be used to attack character for truthfulness only "if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness." Fed. R. Evid. 609(a)(2). To determine whether a misdemeanor theft conviction was a crime involving an act of dishonesty or false statements, the Seventh Circuit has looked to the circumstances of the offense. *See United States v. Owens*, 145 F.3d 923, 927 (7th Cir. 1998) ("there is a difference between stealing a $500 jacket and a pack of gum").

The government has not identified the circumstances of the postal worker's misdemeanor theft conviction, nor have the plaintiffs, who did not respond to the motion. Because the court cannot determine whether the conviction is admissible under Rule 609(a)(2), the motion *in limine* is denied without prejudice to renewal at trial.

**Motion to Bar Michael Freeman as Expert Witness [100-1]**

The parties are briefing a motion to bar Michael Freeman as an expert witness before the magistrate judge, and this motion *in limine* seeks identical relief. Accordingly, the motion *in limine* is denied without prejudice.

rs/cpb